**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Daniel Santiago RAMIREZ, Defendant—Appellant.**

No. 01–50595.

D.C. No. CR–01–18–DOC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Decided March 6, 2003.

Before B. FLETCHER and HAWKINS, Circuit Judges, and BURY, District Judge.*

MEMORANDUM **

Daniel Santiago Ramirez ("Ramirez") argues that his motion to suppress should have been granted by the district court because he was under arrest when removed from his vehicle, was not subject to an investigatory *Terry* stop, and that this arrest was not supported by probable cause.

There is no need to determine whether the police conducted a *Terry* stop or made an arrest because there was probable cause to arrest Ramirez at the time he was stopped. *See United States v. Harvey*, 3 F.3d 1294, 1296 (9th Cir.1993) (performing *Terry* analysis unnecessary where ample probable cause exists).

Probable cause exists when police officers have "reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense,'" *United States v. Del Vizo*, 918 F.2d 821, 825 (9th Cir.1990) (quoting *United States v. Delgadillo–Velasquez*, 856 F.2d 1292, 1296 (9th Cir.1988)), and "must exist from facts and circumstances known to the officers *at the moment of arrest.*" *Delgadillo–Velasquez*, 856 F.2d at 1298 (emphasis in original). Furthermore, probable cause may be based on the collective knowledge of the police officers involved in the investigation, even if some of the information known to other officers is not communicated to the arresting officer. *United States v. Butler*, 74 F.3d 916, 921 (9th Cir.1996).

Ramirez was the driver of the bank robbery getaway vehicle that had been reliably identified by two eyewitnesses. The vehicle had distinctive features that lent further credibility to the eyewitnesses' identification of the vehicle as the getaway car. When these facts are considered in conjunction with the short time frame between the bank robbery and the stop, and the close proximity of the stop to the bank, there was reasonably trustworthy information sufficient to believe that Ramirez was connected to the bank robbery. Therefore, there was probable cause to arrest Ramirez. *See Rohde v. City of Roseburg*, 137 F.3d 1142, 1144 (9th Cir.1998) (finding probable cause to arrest driver of a stolen vehicle because reasonable to conclude that driver is either the thief himself or is aware of the theft).

AFFIRMED.

___

* The Honorable David C. Bury, District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.